IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT COURT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SARAH HERRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-16-562-KEW |
| | ) | |
| 1. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | *Honorable* _____ |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Eastern District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of McIntosh County, Oklahoma, in which court this case is pending, to the United States District Court for the Eastern District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant states the following:

### Timeliness of Removal

1. Plaintiff commenced this action by filing the Petition in the District Court of McIntosh County, on May 23, 2016.

2. The Petition made allegations of negligence against Defendant Pat Reagan and allegations of breach of contract against Defendant State Farm.

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a copy of all documents filed or served in the McIntosh County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "9".**

4. State Farm was served via the Oklahoma Insurance Commissioner on September 9, 2016.

5. To date, no proof of service has been filed with regard to Defendant Pat Reagan.

6. Plaintiff's action against Defendant Reagan was deemed dismissed, as a matter of law, as of Monday, November 22, 2016.[1] Pursuant to 12 O.S. § 2004(I):

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the **action shall be deemed dismissed as to that defendant without prejudice**. . . .

12 O.S. § 2004(I)(emphasis added). The Supreme Court of Oklahoma has determined that this statute is clear that, if a plaintiff does not serve a defendant within 180 days of filing the petition, then the action is considered dismissed as to that defendant as a matter of law. *See Mott v. Carlson,* 1990 OK 10, ¶9, 786 P.2d 1247.

---

[1] Plaintiff's Petition was filed on May 23, 2016. Plaintiff had 180 days, or until November 19, 2016, to obtain service upon Defendant Reagan. As the 180th day fell on a Saturday, Plaintiff's deadline for obtaining service upon Defendant Reagan was Monday, November 21, 2016. As a matter of law, the case against Defendant Reagan was deemed dismissed on November 22, 2016, which was the 181st day after May 23, 2016. An action deemed dismissed due to untimely service is deemed dismissed as of the 181st day after the filing of the petition. *Moore v. Sneed*, 1992 OK CIV APP 107, 839 P.2d 682.

7. This removal was effected within 30 days of the dismissal as a matter of law of Defendant Reagan on November 22, 2016, and therefore is timely. 28 U.S.C. § 1446(b) (notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable). "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements – **for example, by reason of the dismissal of a nondiverse party** – may remove the case to federal court within 30 days of receiving such information." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996). (Emphasis added). In determining what constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b), "a majority of federal district courts have not required receipt of an actual written document." *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999).

### Diversity Jurisdiction

8. Plaintiff's claims against Defendant Pat Reagan were deemed dismissed on November 22, 2016, due to the failure to obtain service upon Defendant Reagan within 180 days of the filing of the Petition on May 23, 2016. 12 O.S. § 2004(I). Thus, the only parties remaining in this action are Plaintiff Sarah Herrington and Defendant State Farm.

9. At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

10. State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do business in the State of Oklahoma. Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

11. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Allegations and Claims in the Petition

12. According to Plaintiff's Petition, the underlying lawsuit arises out an automobile accident involving Plaintiff and Pat Reagan (Plaintiff's claims against Reagan were deemed dismissed on November 22, 2016), which occurred on or about March 4, 2005 (although State Farm believes the accident occurred on or about April 7, 2004). Plaintiff was a minor at the time of the subject accident. Wanda Mullins and Jeffrey Mullins had policies of automobile insurance, 40 1580-D01-36A and 41 5849-F29-36, issued by State Farm, which both contained provisions for uninsured/underinsured motorist coverage. Plaintiff was covered under the aforementioned policies as a resident relative of the named insureds. Plaintiff contends the policies were in force at the time of the accident and further contends she is entitled to the uninsured/underinsured motorist coverage benefits. Plaintiff further contends she is entitled to punitive damages.

13. At the time that suit was filed and up to this day, State Farm was continuing its investigation into Plaintiff's claims and to date has not denied any UM/UIM payment due or owing to Plaintiff.

14. Plaintiff alleges that State Farm breached its contract with Plaintiff and further alleges that she is entitled to punitive damages. All of this is denied by State Farm.

## Amount in Controversy

15. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a. Plaintiff alleges State Farm breached the insurance contract with Plaintiff.

    b. Plaintiff specifically states in her Petition that her damages are in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332 (currently $75,000.00), plus interest, costs and all such other and further relief for which should be awarded as judgment.

    c. Plaintiff's Petition asserts that State Farm's conduct was such that it is claimed to be liable for damages which include actual and punitive damages[2].

    d. Based on Plaintiff's allegations, prayer for recovery of actual and punitive damages, Plaintiff is seeking judgment against State Farm in an amount exceeding the sum of $75,000.00,

---

[2] Plaintiff indicated in discovery responses, verified on December 9, 2016, that she is withdrawing her punitive damages claim.

>           plus interest and costs, which is in excess of the
>           amount required for diversity jurisdiction
>           pursuant to 28 U.S.C. §1332.

16.     While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008).

17.     Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18.     State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

>           The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
>           If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

19.   The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

20.   Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

21. Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

22. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the District Court of McIntosh County, Oklahoma.

Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Facsimile:   (405) 231-0062

Date:  December 19, 2016

 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

__X__   I hereby certify that on the 19th day of December, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jeff Laird
jeff@lhllaw.com
**LAIRD, HAMMONS, LAIRD, P.L.L.C.**
1332 S.W. 89th Street
Oklahoma City, OK 73159
**ATTORNEYS FOR PLAINTIFF**

_____   I hereby certify that on the _____ day of _____, 2016, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

                                        s/Joseph T. Acquaviva, Jr.
                                        Joseph T. Acquaviva, Jr.