IN THE DISTRICT COURT OF MCINTOSH COUNTY
STATE OF OKLAHOMA

SARAH HERRINGTON,                )
                                 )
        Plaintiff,               )
                                 )
vs.                              )   Case No. CJ-16-38
                                 )
                                 )
PAT REAGAN, individually, and    )
STATE FARM MUTUAL AUTOMOBILE     )
INSURANCE COMPANY,               )
                                 )
        Defendants.              )

FILED
MAY 2 3 2016
CARRIE PITTMAN, Court Clerk
MCINTOSH COUNTY
By_____ Deputy

## PETITION

COME NOW Plaintiff, Sarah Herrington, individually (hereinafter Plaintiff) for her cause of action against Defendants, Pat Reagan, (hereinafter Defendant Reagan) and State Farm Mutual Automobile Insurance Company, (hereinafter Defendant State Farm) state as follows:

### THE PARTIES

1. Plaintiff was a minor, citizen and resident of Garvin County, Oklahoma at the time of the collision hereinafter described.

2. Defendant Pat Reagan was a citizen and resident of McIntosh County, Oklahoma at the time of the collision hereinafter described.

3. Defendant State Farm is incorporated under the laws of the State of Illinois and is licensed to and does conduct business in the State of Oklahoma.

### JURISDICTION AND VENUE

4. This is an action arising from a motor vehicle collision that occurred in McIntosh County, Oklahoma, when Defendant was negligent in causing the collision that is the subject of this action.

5. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

1

## FIRST CAUSE OF ACTION - LIABILITY

6. On March 4, 2005, a motor vehicle collision occurred when Defendant Reagan drove her vehicle into and collided with a telephone pole.

7. The collision occurred near the Enchanted Oaks addition on Lotawatah Road in Checotah, Oklahoma.

8. Plaintiff, who was seven years old at the time, was a passenger in Defendant Reagan's vehicle.

9. As a result of Defendant Reagan's negligent failure to maintain a safe speed while taking a sharp curve, Defendant Reagan's vehicle collided with a telephone pole.

10. The impact from the collision hurt Plaintiff and caused the injuries and damages to Plaintiff that are described below.

11. At all times Plaintiff was acting in a safe and prudent manner.

## DUTIES OWED BY DEFENDANT REAGAN

12. Defendant Reagan was required to follow the traffic safety rule of driving at a reasonable speed for the safety of Plaintiff and others, both before and at the time of the collision, as required by 47 O.S. § 11-801(a).

13. Defendant Reagan was required to follow the traffic safety rule of driving at an appropriate reduced speed when approaching and going around a curve as required by 47 O.S. § 11-801(e).

14. Defendant Reagan was required to immediately stop her vehicle at the scene of the collision and remain on at the scene of the collision until she had fulfilled the requirements of 47 O.S. §10-104, including giving or seeking reasonable medical assistance to any person involved in the collision, as set forth in 47 O.S. § 10-102.

15. Defendant Reagan was required to follow the traffic safety rule of keeping her vehicle under proper control for the safety of Plaintiff and others, both before and at the time of the collision.

16. Defendant Reagan was required to follow the traffic safety rule of not driving her vehicle in such a manner as to indicate wanton disregard for the safety of Plaintiff and others, both before and at the time of the collision, as required by 47 O.S. §901.

17. Defendant Reagan was required to follow the traffic safety rule of using ordinary care for the safety of Plaintiff and others, both before and at the time of the collision.

18.     Defendant Reagan was not allowed to needlessly endanger Plaintiff or anyone else by violating one or more of the traffic safety rules listed above.

## DUTIES VIOLATED BY DEFENDANT REAGAN

19.     Both before and at the time of the collision, Defendant Reagan violated the duty to drive at a reasonable speed for the safety of Plaintiff and others, as required by 47 O.S. § 11-801(a).

20.     At the time of the collision, Defendant Reagan violated the duty to follow the traffic safety rule of driving at an appropriate reduced speed when approaching and going around a curve as required by 47 O.S. § 11-801(e).

21.     At the time of the collision, Defendant Reagan violated the duty to immediately stop her vehicle at the scene of the collision and remain on at the scene of the collision until she had fulfilled the requirements of 47 O.S. §10-104, including giving or seeking reasonable medical assistance to any person involved in the collision, as set forth in 47 O.S. § 10-102.

22.     At the time of the collision, Defendant Reagan violated the duty to follow the traffic safety rule of keeping her vehicle under proper control for the safety of Plaintiff and others, both before and at the time of the collision.

23.     At the time of the collision, Defendant Reagan violated the duty to follow the traffic safety rule of not driving her vehicle in such a manner as to indicate wanton disregard for the safety of Plaintiff and others, both before and at the time of the collision, as required by 47 O.S. §901.

24.     At the time of the collision, Defendant Reagan violated the duty to follow the traffic safety rule of using ordinary care for the safety of Plaintiff and others, both before and at the time of the collision.

## CAUSATION OF PLAINTIFF'S INJURIES AND DAMAGES

25.     The injuries and damages sustained by the Plaintiff, more particularly described below, were produced in a natural and continuous sequence from Defendant Reagan's violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiff.

26.     The injuries and damages sustained by Plaintiff were a probable consequence from Defendant Reagan's violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiff.

27. Defendant Reagan should have foreseen and anticipated that a violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

28. If Defendant Reagan had not violated one or more of the above described independent duties to use ordinary care for the safety of Plaintiff, then the Plaintiff's injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

29. The injuries and damages sustained by the Plaintiff as a result of Defendant Reagan's violations of one or more of the above described safety rules, include but are not limited to the following:

   A. Plaintiff's physical pain and suffering, past and future;

   B. Plaintiff's mental pain and suffering, past and future;

   C. Plaintiff's age;

   D. Plaintiff's physical condition immediately before and after the accident;

   E. The nature and extent of Plaintiff's injuries;

   F. Whether the injuries are permanent;

   G. The physical impairment;

   H. The disfigurement;

   I. Loss of [earnings/time];

   J. Impairment of earning capacity;

   K. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

Pursuant to the provisions of 12 O.S. §3226(A)(2)(a), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by minor who is now over the age of eighteen, Plaintiff advise that all damages recoverable by law are sought, including those listed in OUJI3d 4.1, 4.2, 4.3, and 4.4. Under item (K), Plaintiff Sarah Herrington's medical bills total $27,553.81. At this point, Plaintiff does not know the amount of future medical expense. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiffs.

Other than the amounts which Plaintiffs have specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiffs are unable to guess or speculate as to what amount of damages a jury might award.

### SECOND CAUSE OF ACTION – UNDERINSURED MOTORIST

30. At the time of the accident on March 4, 2005, Plaintiff, Sarah Herrington was a named insured under two separate policies of insurance issued by State Farm Mutual Automobile Insurance Company, Policy Number 41 5849-F29-36 and Policy Number 40 1580-D01-36A, each of which policy contained Uninsured/Underinsured Motorists coverage benefits to which Plaintiff is entitled.

31. Plaintiff's injuries and damages exceed the limits of liability maintained by Defendant, Pat Reagan at the time of said accident, whereby Plaintiff is entitled to recover the benefits under the terms of the Uninsured/Underinsured Motorists coverage of the policies carried with Defendant, State Farm Mutual Automobile Insurance Company, on which Plaintiff is a named insured.

### AMOUNT OF DAMAGES

32. The Plaintiff's injuries and damages are in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further relief for which should be awarded as judgment against the Defendant Reagan and Defendant State Farm in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered, including punitive damages.

### DEMAND FOR JURY TRIAL

33. Plaintiff demands a jury trial for all issues of fact presented by this action.

### RESERVATION OF ADDITIONAL CLAIMS

34. Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against the Defendants in a sum in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs, punitive damages and all such other and further relief as to which Plaintiff may be entitled.

              Respectfully submitted,

              LAIRD, HAMMONS, LAIRD, PLLC

              */s/ Jeff Laird*

              Jeff Laird, OBA#5168
              LAIRD, HAMMONS, LAIRD, P.L.L.C.
              1332 S.W. 89th Street
              Oklahoma City, OK 73159
              Telephone: (405) 703-4567
              Facsimile: (405) 703-4061
              E-mail: jeff@lhllaw.com

**ATTORNEY LIEN CLAIMED**